**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                              )
JOSE ANTONIO POJOY,           )
                              )
      Petitioner,            )
                              )           Civil Action
v.                            )           No. 20-10269-PBS
                              )
JOSEPH D. MCDONALD, JR.,      )
Sheriff for Plymouth County   )
                              )
      Respondent.            )
_____)

**ORDER**

March 13, 2020

Saris, D.J.

    Petitioner Jose Antonio Pojoy brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019) ("Brito"). Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing. Respondent contends that Pojoy cannot demonstrate prejudicial injury because there is sufficient evidence that his release would pose a danger to the community.[1] For the reasons

---

[1] Immigration bond may also be withheld where the non-citizen is a risk of flight. See Brito, 415 F. Supp. 3d at 271. The

1

stated below, the Court hereby **ALLOWS** the petition (Dkt. No. 1) and **ORDERS** that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito.[2]

## LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the

---

immigration judge here denied bond based solely on dangerousness and Respondent addresses only that ground. Accordingly, this opinion does not discuss risk of flight.

[2] Respondent moved to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 9. The Court instead evaluates the petition under Rules 4 and 5 of the Federal Rules Governing Section 2254 Cases. See Rule 1(b) of the Federal Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition . . . .").

> Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due process violation could have affected the outcome of the custody redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019) (citing Pensamiento, 315 F. Supp. 3d at 693; then citing Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice inquiry requires the court to conduct "an individualized assessment of [the petitioner's] criminal history and personal characteristics." Brito, 395 F. Supp. 3d at 147.

### **FACTS**

Petitioner, a citizen of Guatemala, first entered the United States without authorization as a teenager in 2007. He was granted voluntary departure and returned to Guatemala on January 1, 2009. He re-entered the United States without

3

authorization approximately six months later. He was 19 years old at the time and, since then, has lived continuously in Lynn, Massachusetts. He is married with four U.S. citizen children, ranging in age from 18 months to seven years old. During his eleven years in Massachusetts, he has been continuously employed, most recently with a landscaping company.

Petitioner's criminal history includes ten encounters with law enforcement, mostly related to driving offenses.

On August 5, 2010, he was charged with Unlicensed Operation of a Motor Vehicle. The charge was dismissed upon payment of court costs.

On September 21, 2010, he was charged with Unlicensed Operation of a Motor Vehicle and Speeding. He was adjudicated as responsible for the Speeding offense and the Unlicensed Operation of a Motor Vehicle charge was dismissed upon payment of court costs.

On November 8, 2011, he was charged with Unlicensed Operation of a Motor Vehicle and Fail to Stop/Yield. Both charges were dismissed.

On May 14, 2012, he was charged with Operating Under the Influence after officers responded to the scene of a three-car motor vehicle accident. He was convicted on the OUI and was ordered "Not to Drive w/o Valid License."

On January 5, 2013, he was charged with Unlicensed Operation of a Motor Vehicle. The charge was dismissed upon payment of court costs.

On August 21, 2013, he was charged with Unlicensed Operation of a Motor Vehicle and Fail to Stop/Yield. He was convicted of the Unlicensed Operation of a Motor Vehicle charge and found not responsible for the Fail to Stop/Yield charge.

On June 5, 2014, he was charged with Unlicensed Operation of a Motor Vehicle and Fail to Stop/Yield. The Unlicensed Operation of a Motor Vehicle charge was dismissed, and he accepted responsibility for the Fail to Stop/Yield charge.

On January 13, 2016, he was charged with Furnishing a False Name/SSN, Operating a Motor Vehicle with a Suspended License, and a Motor Vehicle Lights violation. He pled guilty to the Operating with a Suspended License charge and the False Name charge was adjudicated as "Filed with Defendant's consent."

On February 13, 2019, he was charged with Operating a Motor Vehicle Unlicensed/Suspended. The charge was dismissed after payment of court costs.

On April 28, 2019, he was arrested for disorderly conduct, disturbing the peace, and resisting arrest. He was found guilty of disturbing the peace and resisting arrest on February 11, 2020. According to the police report, Petitioner was in a vehicle that was pulled over because it was being operated

5

without headlights and was traveling below the posted speed limit. Petitoner and another individual both fled the vehicle. Petitioner was pursued by an officer who yelled "police, stop running" many times. The officer eventually took Petitioner to the ground. Although Petitioner tried to get up, the officer handcuffed him. The officer also reported six open beer containers in plain sight in the vehicle.

Petitioner has been held in immigration detention since May 20, 2019. He received a bond hearing on June 25, 2019. The immigration judge found Petitioner "did now show he is not a danger to persons or property" because of "numerous criminal encounters including OUI, resisting arrest & open container of alcohol, etc." Dkt. 10-2.

Petitioner currently has no legal status in the United States. He sought withholding of removal and cancellation of removal, which was denied on December 23, 2019. His appeal before the BIA is currently pending.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the

>  alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

## I.    Danger to the Community

Brito requires the Government to prove that an alien detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See Brito, 415 F. Supp. 3d at 267.

While Petitioner's criminal history is lengthy, the majority of the charges were dismissed, and Petitioner was never incarcerated for any term. In addition, all the charges are non-violent and many were misdemeanors. Petitioner asserts without contradiction that the charges for operating without a license were related to his employment and motivated by his need to provide for his family. Even though the resisting arrest charge is more serious, Petitioner has demonstrated that the burden allocation "could have affected" the Immigration Court's

assessment of dangerousness, which must be found by the heightened burden of clear and convincing evidence. See Doe, 2019 U.S. Dist. LEXIS 22616, at *3-4. Also the immigration judge did not consider alternatives to detention, like GPS monitoring, to keep Petitioner off the road.

## CONCLUSION

Petitioner was prejudiced by the errors in his bond hearing and therefore is entitled to a new bond hearing. The petition for a writ of habeas corpus (Dkt. No. 1) is accordingly **ALLOWED**. The Court ORDERS that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito v. Barr, 415 F. Supp. 3d 258, 271 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS  
Patti B. Saris  
United States District Judge